Generated: 02/27/2014

| AOC-S-105   Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>Civil Summons | Case Number **14-CI-00021**<br>Court CI<br>County CRITTENDEN |
|---|---|---|

*Plantiff*, COLE, ANNA F  VS. ORION MARION, LLC,  , ET AL, *Defendant*

ORION MARION, LLC,
D/B/A CRITTENDEN CO. HEALTH & REHAB

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, MELISSA GUILL

By _Reagan S Parrent_ , DC

Date: 02/27/2014

SERVE: S&H LOUISVILLE, LLC
400 WEST MARKET STREET
SUITE 1800
LOUISVILLE, KY 40202

**Proof of Service**
[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To: _____
[ ] Not Served because: _____
Date: _____, 2____.                                   _____
                                                            Served by



COMMONWEALTH OF KENTUCKY
CRITTENDEN CIRCUIT COURT
Civil Action No. 14-CI- 00021

ANNA F. COLE, Individually and as Administratrix of the Estate of
GEORGE COLE                                                                                           PLAINTIFF

vs.                                           **COMPLAINT**

ORION MARION, LLC d/b/a
CRITTENDEN COUNTY HEALTH & REHABILITATION CENTER

    serve:    S & H Louisville, LLC
                400 West Market Street
                Suite 1800
                Louisville, KY 40202

AND

ORION OPERATING SERVICES, LLC.

    serve:    The Corporation Trust Company
                Corporation Trust Center
                1209 Orange Street
                Wilmington, DE 19801

    through:  Secretary of State
                Commonwealth of Kentucky
                Capital Building
                Frankfort, Kentucky 40601

ATRIUM CENTERS, LLC                                                                                 DEFENDANTS

    serve:    CT Corporation Systems
                306 West Main Street
                Frankfort, KY 40601

        Comes the Plaintiff, Anna F. Cole, Individually and as Administratrix of the Estate of George Cole (hereinafter referred to as Plaintiffs), by and through counsel, for their causes of actions against the Defendants, Orion Marion, LLC d/b/a Crittenden County Health &

FILED 2/27/14
CRITTENDEN CIRCUIT/
DISTRICT COURT
MELISSA GUILL, CLERK
RD,DC

Rehabilitation Center (hereinafter referred to as Orion), Orion Operating Services, LLC (hereinafter referred to as Orion Operating), and Atrium Centers, LLC (hereinafter referred to as Atrium) and hereby states as follows:

1. At all times herein mentioned George Cole was was an actual and continuous resident of the Commonwealth of Kentucky and the acts and events complained of herein occurred within Crittenden County, Kentucky. George Cole died intestate on October 8, 2012. On March 4, 2013, by order entered March 5, 2013, Anna F. Cole was named Administratrix of the Estate of George Cole.

2. At all times herein relevant Orion was a Delaware corporation doing business in the Commonwealth of Kentucky and Summons should be issued and served upon its agent for service of process, S & H Louisville, LLC, 400 West Market Street, Suite 1800, Louisville, KY 40202.

3. At all times herein relevant Orion Operating is and was a Delaware corporation and summons should be issued and served upon the Kentucky Secretary of State, for service upon it's agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. At all times herein relevant Atrium Centers, LLC is and was a Delaware corporation doing business in the Commonwealth of Kentucky. Summons should be issued and served upon its agent for service of process, CT Corporation Systems, 306 West Main Street, Frankfort, KY 40601.

5. Orion's facility, known as Crittenden County Health and Rehabilitation Center (CCHRC) is a one story 100 bed for profit skilled nursing facility in Marion, Kentucky. Orion is the licensee of CCHRC and Orion Operating is the parent company of CCHRC.

6. Atruim is the management company of CCHRC and currently operates 44 skilled nursing facilities in Ohio, Michigan, Kentucky and Wisconsin.

7. George Cole, Plaintiff's decedent, was a 75 year old resident who was admitted into CCHRC on March 9, 2012 for rehabilitation, 24 hour skilled nursing care, supervision, behavior management, and assistance with his activities of daily living.

8. Mr. Cole was represented at CCHRC by his wife, Anna Cole, who signed admission records and acted on his behalf regarding nursing and medical care. Mr. Cole was considered a "do not resuscitate" at CCHRC.

9. George Cole was completely dependent on CCHRC for 24 hour skilled nursing care and close supervision due to limitations imposed by the following diagnoses: Alzheimer's disease, dementia, sundowning syndrome, psychosis, abnormality of gait, weakness, chronic obstructive pulmonary disease, hypertension, anemia, gastroesophageal reflux disease, paralysis agitans, encephalopathy, peripheral vascular disease, coronary artery disease, and history of alcohol abuse.

10. Mr. Cole was considered a high fall risk and needed assistance with eating and nutrition.

11. During George Cole's 7 month intermittent stay at CCHRC he was required to have inpatient hospital stays from July 4, 2012 through July 9, 2012 for sepsis, aspiration pneumonia, acute renal failure, and severe dehydration. He was also required to be hospitalized on October 8, 2012 for sepsis, pneumonia, dehydration, methicillin resistant staph aureus and clostridium difficile intestinal infection. During this last hospital stay Mr. Cole died. Mr. Cole's immediate cause of death was noted to be sepsis. The underlying causes were MRSA/pneumonia.

12. George Cole's 7 month intermittent stay at CCHRC was characterized by the following negative outcomes: severe intake problems in September/October; loss of independent eating/drinking ability; severe dehydration; acute renal failure; multiple in-house acquired infections including sepsis; and a decline in mobility.

13. George Cole's stay at CCHRC was also characterized by the following accidents: pattern of falls/found on the floor including 4/6/12, 6/29/12, 8/27/12, 9/20/12, and 10/6/12. All accidents were not witnessed by the staff and Mr. Cole sustained skin tears and bruising to his upper extremities from the 9/20/12 fall.

14. During George Cole's stay at CCHRC he experienced numerous skin tears, bruises, hematomas, and evidence of physical trauma to his upper/lower extremities, shoulder, back, buttocks, and chest. These injuries were not witnessed by staff and could not be explained by them.

## COUNT I

15. During George Cole's stay at CCHRC, Orion was negligent by its failure to prevent resident neglect, its failure to provide a safe environment and adequate supervision to prevent accidents, and its failure to provide an effective facility administration and responsible governing body.

16. In its neglect of Mr. Cole, Orion violated the following applicable standards: 42 C.F.R. § 483.13 (c), F-224; 42 C.F.R. § 488.301; KRS 216.515 (6) (8); 902 KAR § 20:300.3; 902 KAR § 20:300.5 (2).

17. In Orion's failure to provide a safe environment and adequate supervision and assistive devices to prevent accidents Orion violated the following applicable standards: 42 C.F.R. §483.25 (h) (1) (2), F-323; 902 KAR §20.026.4 (2) (a) 3; 902 KAR § 20:300.8. (7).

4

18. In failing to provide an effective facility administration and a responsible governing body Orion violated the following applicable standards: 42 C.F.R. § 483.75, F-490; 42 C.F.R. § 483.75, (d) (2) (i), F-493; 902 KAR § 20:026.3. (2); 902 KAR § 20:026.3. (1); 902 KAR § 20:300.15. (1); 902 KAR § 20:300.15. (2).

19. By reason of the negligence of Orion, George Cole was caused great pain and suffering while a resident of Orion's facility and up until the time he died.

20. As a result of the negligence of Orion, George Cole died.

21. Orion's actions constitute gross negligence as it knowingly and/or recklessly and maliciously carried out the above actions with a flagrant difference to the rights of George Cole and with a subjective awareness that such conduct would result in bodily harm or death to George Cole. As a result, Anna Cole individually, and as Administratrix of the Estate of George Cole, is entitled to an award of punitive damages.

22. By reason of the negligence, gross negligence, and malice of Orion and the personal injury to and wrongful death of George Cole, the Estate of George Cole has been forced to incur medical bills and funeral expenses; it has lost its ability to labor and earn money; George Cole was caused to suffer pain and suffering; and has otherwise been damaged thereby.

23. As a result the negligence, gross negligence, and malice of Orion, Anna Cole, who was the wife of George Cole, is entitled to an award of damages for her loss of love, aid, society and companionship resulting from the death of George Cole.

## COUNT II

24. During George Cole's stay at CCHRC, Orion Operating was negligent by its failure to prevent resident neglect, its failure to provide a safe environment and adequate

5

supervision to prevent accidents, and its failure to provide an effective facility administration and responsible governing body.

25. In its neglect of Mr. Cole, Orion Operating violated the following applicable standards: 42 C.F.R. § 483.13 (c), F-224; 42 C.F.R. § 488.301; KRS 216.515 (6) (8); 902 KAR § 20:300.3; 902 KAR § 20:300.5 (2).

26. In Orion Operating's failure to provide a safe environment and adequate supervision and assistive devices to prevent accidents Orion Operating violated the following applicable standards: 42 C.F.R. §483.25 (h) (1) (2), F-323; 902 KAR §20.026.4 (2) (a) 3; 902 KAR § 20:300.8. (7).

27. In failing to provide an effective facility administration and a responsible governing body Orion Operating violated the following applicable standards: 42 C.F.R. § 483.75, F-490; 42 C.F.R. § 483.75, (d) (2) (i), F-493; 902 KAR § 20:026.3. (2); 902 KAR § 20:026.3. (1); 902 KAR § 20:300.15. (1); 902 KAR § 20:300.15. (2).

28. By reason of the negligence of Orion Operating, George Cole was caused great pain and suffering while a resident of Orion Operating's facility and up until the time he died.

29. As a result of the negligence of Orion Operating, George Cole died.

30. Orion Operating's actions constitute gross negligence as it knowingly and/or recklessly and maliciously carried out the above actions with a flagrant difference to the rights of George Cole and with a subjective awareness that such conduct would result in bodily harm or death to George Cole. As a result, Anna Cole individually, and as Administratrix of the Estate of George Cole, is entitled to an award of punitive damages.

31.  By reason of the negligence, gross negligence, and malice of Orion Operating and the personal injury to and wrongful death of George Cole, the Estate of George Cole has been forced to incur medical bills and funeral expenses; it has lost its ability to labor and earn money; George Cole was caused to suffer pain and suffering; and has otherwise been damaged thereby.

32.  As a result the negligence, gross negligence, and malice of Orion Operating, Anna Cole, who was the wife of George Cole, is entitled to an award of damages for her loss of love, aid, society and companionship resulting from the death of George Cole.

### COUNT III

33.  During George Cole's stay at CCHRC, Atrium was negligent by its failure to prevent resident neglect, its failure to provide a safe environment and adequate supervision to prevent accidents, and its failure to provide an effective facility administration and responsible governing body.

34.  Its neglect of Mr. Cole, Atrium violated the following applicable standards: 42 C.F.R. § 483.13 (c), F-224; 42 C.F.R. § 488.301; KRS 216.515 (6) (8); 902 KAR § 20:300.3; 902 KAR § 20:300.5 (2).

35.  In Atrium's failure to provide a safe environment and adequate supervision and assistive devices to prevent accidents Atrium violated the following applicable standards: 42 C.F.R. §483.25 (h) (1) (2), F-323; 902 KAR §20.026.4 (2) (a) 3; 902 KAR § 20:300.8. (7).

36.  In failing to provide an effective facility administration and a responsible governing body Atrium violated the following applicable standards: 42 C.F.R. § 483.75, F-490; 42 C.F.R. § 483.75, (d) (2) (i), F-493; 902 KAR § 20:026.3. (2); 902 KAR § 20:026.3. (1); 902 KAR § 20:300.15. (1); 902 KAR § 20:300.15. (2).

7

37. By reason of the negligence of Atrium, George Cole was caused great pain and suffering while a resident of Atrium's facility and up until the time he died.

38. As a result of the negligence of Atrium, George Cole died.

39. Atrium's actions constitute gross negligence as it knowingly and/or recklessly and maliciously carried out the above actions with a flagrant difference to the rights of George Cole and with a subjective awareness that such conduct would result in bodily harm or death to George Cole. As a result, Anna Cole, individually and as Administratrix of the Estate of George Cole, is entitled to an award of punitive damages.

40. By reason of the negligence, gross negligence, and malice of Atrium and the personal injury to and wrongful death of George Cole, the Estate of George Cole has been forced to incur medical bills and funeral expenses; it has lost its ability to labor and earn money; George Cole was caused to suffer pain and suffering; and has otherwise been damaged thereby.

41. As a result the negligence, gross negligence, and malice of Atrium, Anna Cole, who was the wife of George Cole, is entitled to an award of damages for her loss of love, aid, society and companionship resulting from the death of George Cole.

WHEREFORE, Anna Cole, individually and as Administratrix of the Estate of George Cole, demands judgment against all Defendants, Orion Marion, LLC d/b/a Crittenden County Health & Rehabilitation Center, Orion Operating Services, LLC and Atrium Center, LLC, jointly and severally, in an amount in excess of the minimal jurisdictional limits of this Court ($5,000.00); an award of compensatory damages; an award of punitive damages; attorney's fees and costs of this action; a trial by jury; and any and all other relief to which she may be entitled.

RESPECTFULLY SUBMITTED,

*Mark Edwards*

DAVID C. TROUTMAN
MARK EDWARDS
EDWARDS & KAUTZ, PLLC
222 Walter Jetton Blvd.
P. O. Box 1837
Paducah, KY 42002
(270) 442-9000

ATTORNEYS FOR PLAINTIFF