UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| ANNA F. COLE, Individually and as ) | |
| Administratrix of the Estate of GEORGE COLE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 5:14-cv-00059-TBR |
| ) | |
| ORION MARION, LLC d/b/a CRITTENDEN ) | |
| COUNTY HEALTH & REHABILITATION ) | |
| CENTER, ORION OPERATING ) | |
| SERVICES, LLC AND ) | |
| ATRIUM CENTERS, LLC ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Comes the Defendants, Orion Marion, LLC d/b/a Crittenden County Health & Rehabilitation Center, Orion Operating Services, LLC and Atrium Centers, LLC and in support of their Motion for Summary Judgment seeking dismissal of all claims asserted by the Plaintiffs, states as follows:

**I.     FACTS**

This case revolves around the care and treatment provided to Mr. George Cole, age 75, at Crittenden County Health & Rehabilitation Center ("CCHRC"), a long-term care facility, from March 9, 2012 to October 8, 2012. Mr. Cole was admitted to CCHRC following a hospitalization at Lourdes Hospital for severe dementia with psychosis and combative behaviors. Prior to admission to Lourdes Hospital on March 6, 2012, Mr. Cole had been living at home with his wife, Mrs. Anna F. Cole, and was being treated for a recent increase in mental status problems and agitation. Mr. Cole's admission records indicated he was admitted to CCHRC with a history of Alzheimer's disease, dementia, chronic obstructive pulmonary disease, peripheral vascular

disease, chronic back pain with left radicular pain, sundowning syndrome, hypertension, diverticulosis, severe presbyesophagus, coronary artery disease, chronic constipation, history of alcohol abuse ending in 2006, and gastroesophageal reflux disease. (**Exhibit 1**, attached hereto).

The Plaintiffs, Anna F. Cole, Individually and as Administratrix of the Estate of George Cole, (hereinafter "Plaintiffs") commenced this action against these Defendants on February 27, 2014 in the Commonwealth of Kentucky Crittenden Circuit Court. (DE 1, attachment #1). Orion Marion, LLC d/b/a Crittenden County Health & Rehabilitation Center, Orion Operating Services, LLC and Atrium Centers, LLC ( hereinafter "Orion Defendants") removed the action to this Court on April 3, 2014, pursuant to 28 U.S.C.A. § 1332. (DE 1).  In the Complaint, the Plaintiffs alleged that the Defendants, who own and/or operate CCHRC, were negligent and grossly negligent in their failure to: 1) prevent resident neglect; 2) provide a safe environment and adequate supervision; and/or 3) provide an effective facility administration and responsible governing body. (DE 1, Attachment #1, Counts I, II & III). Plaintiffs pled that the alleged negligence caused Mr. Cole bodily harm and led to his death on October 8, 2012 (Id.), from sepsis and MRSA pneumonia. (Death Certificate, **Exhibit 2**, attached hereto). An Answer was timely filed denying the Plaintiffs' allegations of negligence, causation and damages. (DE 1, Attachment #2).

On May 16, 2014, this Court entered a scheduling order setting the Plaintiffs' expert witness disclosure deadline for August 1, 2014. (DE 10).  On August 19, 2014, Plaintiff disclosed two experts: 1) Nursing Home Administrator, Lance Youles; and 2.) Dr. Stephen B. Burkhart, a family physician. (DE 13).  On October 31, 2014 Defendants timely disclosed Dr. Patrick Coll, a geriatrician and Professor of Medicine at the University of Connecticut Health Center, as their defense expert. (DE 14). Depositions were conducted of all disclosed experts and discovery was completed by the Court's February 19, 2015 deadline. (DE 17).

Discovery revealed that Plaintiffs lack medical testimony that any alleged negligence of the Defendants was a substantial factor in causing any of the alleged injuries and/or wrongful death of Mr. Cole. Mr. Youles readily conceded that he was not a physician and had no intention of rendering any causation opinions. Mr. Youles testified as follows:

> Q. All right. Are you a physician?
> A. No.
> Q. Not trained as a physician?
> A. No.
> Q. Don't hold yourself out as a physician?
> A. I do not.
> Q. Do you agree that you're able (sic) to render medical opinions?
> A. I render no causation opinions. No. Obviously you know that physicians are responsible under regulations, if they do something wrong, that an administrator would be responsible for. I might jump in, but I don't offer any causation opinions. No, sir.

(Youles, Depo, pp. 28-29, attached hereto as **Exhibit 3**). Mr. Youles further stated ". . . [w]ell, I'm a liability expert. So if they're looking for a causation, I refer them to somebody else or they have to find someone else, . . . ." (Id., p. 51).

Plaintiffs' other disclosed expert, Dr. Stephen Burkhart, who is a general family physician, testified that he was not retained to be an expert in this case (Burkhart, Depo, p. 5, attached hereto as **Exhibit 4**). Dr. Burkhart testified that he could not provide testimony on "anything more than [his] treatment of the patient" during Mr. Cole's stay at Crittenden County Health and Rehabilitation Center. (Id.). Dr. Burkhart testified that he did not have any concerns with the care or services the CCHRC staff provided to Mr. Cole. (Id. pp. 13-14.). Dr. Burkhart further noted that not all falls can be prevented at a nursing home facility (Id. p. 12) and that he was unaware of any injuries Mr. Cole sustained from falls that required any medical treatment. (Id. p. 13). Dr.

3

Burkhart also testified that Mr. Cole's pneumonia caused him to develop sepsis, but sepsis was the actual cause of death. (Id. p. 16; see also Exhibit 2).

Defendants' expert, Dr. Patrick Coll, concurred with Dr. Burkhart, testifying that he found no deviation from the standard of care regarding the care provided to Mr. Cole during his residency at CCHRC. (Coll, Depo, p. 29, attached hereto as **Exhibit 5**).

In light of the foregoing, the record is absent of any expert medical testimony that the damages alleged by the Plaintiffs are casually connected to the actions of the Defendants.

## II. DEFENDANTS ARE ENTITLED TO JUDGMENT DISMISSING PLAINTIFFS' CLAIMS AGAINST THEM AS A MATTER OF LAW

### A. LEGAL STANDARD

#### i. Choice of Law

A federal district court sitting in a diversity case must apply the choice of law rules of the state in which it sits. *Corder v. Ford Motor Co.,* 272 F.R.D. 205, 211 (W.D.Ky., 2011). In tort actions, Kentucky federal courts will apply Kentucky substantive law so long as a party has any significant contacts with the forum. *Id*. In tort actions, the state where the alleged harm occurred is considered "significant contacts" with the forum to justify application of that states laws. *See Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky.App.1968) (holding that the occurrence of an accident in Kentucky was a sufficient contact to justify the application of Kentucky law even though plaintiff and defendant were both Ohio residents). Since Plaintiffs' claims arose out of Mr. Cole's residency at CCHRC, located in Crittenden County, Kentucky, sufficient contacts exist for this Court to apply Kentucky's substantive law.

#### ii. Summary Judgment

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant

4

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  After adequate time for discovery, Rule 56(c) mandates summary judgment against a party who fails to establish an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The central inquiry is whether the evidence, when viewed in the light most favorable to the non-movant, would be sufficient for a jury to find for that party on a material issue of fact or whether it is so one-sided that the moving party must prevail as a matter of law; a scintilla of evidence in support of the non-movant is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The substantive law governing the case determines what issues of fact are material.  *Street v. JC Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  In determining whether there is a triable issue of material fact, the Court must accept as true the non-movant's evidence and draw all reasonable inferences therefrom in the light most favorable to the non-movant. *Profit Pet v. Arthur Dogswell, LLC*, 603 F.3d 308, 312 (6th Cir. 2010); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case, Plaintiffs have asserted negligence claims which rest primarily on the allegation that the Defendants failed to meet the appropriate standard of care during Mr. Cole's residency at Crittenden County Health & Rehabilitation Center.  Assuming, for purposes of this motion only, that all of Plaintiffs' allegations are true, Plaintiffs' claims still fail as a matter of law since they failed to produce a medical expert that causally related Mr. Cole's alleged injuries and/or death to any acts or omissions on the part of any of the Defendants.  Accordingly, the Court should grant Defendants' motion for summary judgment.

B.  **ASSUMING PLAINTIFFS' FACTUAL ASSERTIONS ARE TRUE, THERE IS NO MEDICAL EVIDENCE DEFENDANTS CAUSED PLAINTIFFS' INJURIES.**

Under Kentucky law, expert testimony is generally required in medical negligence cases to prove both negligence and causation of the alleged injury. The Court of Appeals has stated the rule as follows:

> Except in limited factual circumstances, however, the plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury.

*Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. App. 2006).  See also *Turner v. Reynolds*, 559 S.W.2d 740, 741-742 (Ky. App. 1977); *Green v. Owensboro Medical Health System*, 231 S.W.3d 781, 784 (Ky. App. 2007) and *Blankenship v. Collier*, 302 S.W.3d 665, 667 (Ky. 2010) ("Pursuant to Kentucky law, in most medical malpractice cases, a plaintiff is required to put forth expert medical testimony to establish the applicable standard of care, any breach that occurred, and any resulting injury to the plaintiff.").

There are two very narrow exceptions to the expert testimony requirement, neither of which applies to the claims against these Defendants.  Expert testimony is not required when: (1) "the necessary expert testimony may consist of admissions by the defendant" or (2) "the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts."  *Perkins v. Hausladen*, 828 S.W.2d 652, 655 (Ky. 1992). These are the only exceptions that the trial court evaluates and both are rooted in the principles of *res ipsa loquitur*.  *See Andrew*, 203 S.W.3d at 170 ("Both exceptions involve the application of the *res ipsa loquitor* doctrine and permit inference of negligence even in the absence of expert testimony."); *see also*, *Nalley v. Banis*, 240 S.W.3d 658, 660-661 (Ky. App. 2007) and *Baptist Healthcare Systems, Inc. v. Miller*, 177

S.W.3d 676, 681 (Ky. 2005).  Because the Plaintiffs have no medical expert testimony to support their claim that any alleged deviation from the standard of care proximately caused any injuries to or the death of Mr. Cole, the Court should grant summary judgment in favor of the Defendants.

> A. The first exception is inapplicable as the Defendants have not admitted liability or causation.

Under the first exception, *res ipsa loquitor* can be invoked if the defendant has admitted liability.  The exception comes into play where a defendant makes "admissions of a technical character from which one could infer that he or she acted negligently." *Andrew*, 203 S.W.3d at 171.  In this case, the Defendants have not admitted liability or causation.  On the contrary, the Defendants <u>expressly denied</u> liability and causation in the Answer that was filed on their behalf. (DE 1, Attachment #2).  In addition, the Defendants' expert (Dr. Patrick Coll) testified that the Defendants' actions were within the accepted standard of care and were not a substantial factor in the injuries alleged by the Plaintiffs.

> B. The second exception is inapplicable because the Defendants' alleged liability or causation cannot be inferred solely from common knowledge or experience.

Under the second exception, *res ipsa loquitor* can be invoked only if both breach of the duty and causation can be determined from the common knowledge or experience of jurors. *Perkins*, 828 S.W.2d at 655.  Whether the Defendants met the applicable standard of care during their care of Mr. Cole is not a matter of common knowledge.  Also, whether the Defendants acts or omissions caused any injury to Mr. Cole is not within the knowledge of lay persons.

Kentucky case law is replete with examples in which plaintiffs have attempted to argue that expert testimony is not required in certain cases to prove negligence and/or causation. Examples of cases in which Kentucky courts have held that such knowledge is not within the purview of a layman and that expert testimony is required, are as follows:

> Laymen do not have sufficient general knowledge to "recognize" that infection and slow healing, in treating severe burns and making transplants, are the results of negligence by the treating physician. *Harmon v. Rust*, 420 S.W.2d 563 (Ky. 1967).
>
> A malpractice charge against the surgeon cannot be proved without expert testimony when based on slipping of an internal suture. *Engle v. Clarke*, 346 S.W.2d 13 (Ky. 1961).
>
> Whether additional pain or injury was caused by a surgeon for leaving broken surgical needles in a patient's foot after an operation and the spreading of an infection must be established by expert testimony. *Steinmetz v. Humphrey*, 160 S.W.2d 6 (Ky. 1942).
>
> Expert testimony is required to establish negligence and causation after a patient's wife became pregnant following a vasectomy procedure. *Maggard v. McKelvy*, 627 S.W.2d 44 (Ky. App. 1981).

Just like the cases cited above, the Plaintiffs' claims in this matter also require expert testimony to establish a deviation from the accepted standard of care and a causal nexus between any alleged negligence and the claimed injury.

The case of in *Neal v. Welker*, 426 S.W.2d 476 (Ky. 1968) is instructive. In *Neal*, the defendant's motion for summary judgment was upheld when the plaintiff failed to produce some form of evidentiary material reflecting a genuine issue of material fact. Within the plaintiff's complaint, it was alleged that the defendant physician failed to provide appropriate care. However, at the time of the motion for summary judgment, no expert testimony supported his contention. The Court considered this a failure to establish the existence of an issue of fact. The Court further granted summary judgment as the plaintiff failed to show cause why evidentiary material had not been presented before submission of summary judgment.

The Court thus looked at the record and at the time period elapsed absent any issue and stated:

> The curtain must fall at <u>sometime</u> upon the right of a litigant to make a showing that a genuine issue as to a material fact does exist. If

> this were not so, there could never be a summary judgment since hope springs eternal in the human breast.

*Id*. at 479.  Under Kentucky law, the plaintiffs' hopes that something will "turn up" will not be made a basis for showing that a genuine issue of material fact exists in allowing the litigation to proceed.  Summary judgment is warranted in this case because Plaintiffs have presented no medical expert testimony that the Defendants' alleged failures were a substantial factor in causing any injury to or the death of Mr. Cole.

In fact, Plaintiff's own expert, Nursing Home Administrator, Lance Youles, admitted that he "render[ed] no causation opinions" on any alleged deviation from the standard of care in this case. (Youles, Depo, p. 29, Exhibit 3).  Mr. Youles stated ". . . [w]ell, I'm a liability expert.  So if they're looking for a causation, I refer them to somebody else or they have to find someone else, . . . ." (Id., p. 51).  Further, Dr. Burkhart, the only medical expert Plaintiffs disclosed, opined that during the time Mr. Cole was a resident of CCHRC he did not have any concerns with the care or services the staff provided to Mr. Cole. (Exhibit, 4, pp. 13-14.).  Moreover, he did not provide any opinions on causation.  In fact, Dr. Burkhart testified it is common for older people to contract sepsis, noting it was one of the issues that occurs in older people. (Id., p. 23).  Dr. Burkhart answered the following:

> Q.   Is it common to contract sepsis?
>
> A.   It is common in older people.  It's one of the issues you get, of course, in older people.  He's not very mobile, first of all, and he had problems swallowing.  So whatever he got in his throat, he might have aspirated.  That would then lead to an infection, but his immunity was pretty low, too.  These are older people issues.

(Id., p 23).

9

Giving all reasonable inferences to Plaintiffs, Plaintiffs have failed to procure medical expert testimony creating a genuine issue of material fact on whether Defendants alleged acts or omissions caused any injury to Mr. Cole. Cases in which allegations of negligence are not supported by medical expert testimony are subject to dismissal. *Harmon v. Rust*, 420 S.W.2d 563 (Ky. 1967). The expert disclosure deadline of August 1, 2014 and the discovery deadline of February 19, 2015 having now passed, Plaintiffs do not have the requisite medical expert testimony to substantiate their allegations. Absent such testimony, Plaintiffs' claims fail as a matter of law.

### III.  CONCLUSION

In filing a Motion for Summary Judgment, the burden is on the movants to show no genuine issue of material fact remains in dispute. Once the moving party meets that initial burden, it is incumbent upon the opposition to counter with evidence demonstrating the existence of a disputed issue of material fact. The Plaintiffs have failed to state a genuine issue of material fact against Defendants, Orion Marion, LLC d/b/a Crittenden County Health & Rehabilitation Center, Orion Operating Services, LLC and Atrium Centers, LLC, in that there is no evidence demonstrating the existence of a disputed fact--whether any alleged deviation committed by the Defendants was a substantial factor in causing any injury to or the death of Mr. Cole. In light of the foregoing, the Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

/s/ *Craig L. Johnson*
Craig L. Johnson
WHONSETLER & JOHNSON, PLLC
11901 Brinley Avenue
Louisville, KY 40243
Phone: (502) 895-2297
Fax: (502) 895-9764
Email: johnson@whonsetler.com
*Counsel for Defendants, Orion Marion, LLC d/b/a*
*Crittenden County Health & Rehabilitation Center,*
*Orion Operating Services, LLC and Atrium Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2015, a true and correct copy of the foregoing was served electronically by the U.S. District Court for the Western District of Kentucky Electronic Document Filing System (ECF) and that the document is available on the ECF system.

/s/ *Craig L. Johnson*
*Counsel for Defendants*