UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00059-TBR

ANNA F. COLE, Individually, and as
Administratrix of the Estate of George Cole                                              Plaintiff

v.

ORION MARION, LLC d/b/a CRITTENDEN
COUNTY HEALTH & REHABILITATION
CENTER, ORION OPERATING SERVICES,
LLC AND ATRIUM CENTERS, LLC,                                                          Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment. (Docket No. 18). The Plaintiff has replied, (Docket No. 19), and the Defendants have responded, (Docket No. 20). This matter is now ripe for adjudication. For the following reasons, the Court will **GRANT** the Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiff Anna Cole brings this lawsuit individually and in her capacity as Administratrix of the Estate of George Cole, who died after a seven month stay at Crittenden County Health & Rehabilitation Center ("CCHRC"). Mr. Cole was admitted to CCHRC on March 9, 2012 for "rehabilitation, 24 hour skilled nursing care, supervision, behavior management, and assistance with his activities of daily living." (Docket No. 1). When admitted, he had the following diagnoses: "Alzheimer's disease, dementia, chronic obstructive pulmonary disease, peripheral vascular disease, chronic back pain with left radicular pain, sundowning syndrome, hypertension, diverticulosis, severe presbyesophagus, coronary artery disease, chronic constipation, history of

1

alcohol abuse ending in 2006, and gastroesophageal reflux disease." *Id.* Mr. Cole was also considered a high fall risk and needed assistance with eating and nutrition.

During Mr. Cole's seven month stay, he was twice required to have inpatient hospital stays. He died on October 8, 2012, during his second hospital stay; the immediate cause of death was sepsis and the underlying cause was determined to be MRSA/pneumonia.

Ms. Cole alleges that the Defendants, who own and/or operate CCHRC, were negligent and grossly negligent in their failure to: 1) prevent resident neglect; 2) provide a safe environment and adequate supervision; and/or 3) provide an effective facility administration and responsible governing body. The Defendants now move for Summary Judgment, stating that Ms. Cole failed to disclose an expert that causally related Mr. Cole's alleged injuries and/or death to any acts or omissions on the part of any of the Defendants.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

To prove medical negligence as a matter of law in Kentucky, the plaintiff must prove the elements of negligence by medical or other expert testimony. *Bryant v. King's Daughter Med. Ctr.*, 2013 WL 186927, at *4 (E.D. Ky. Jan. 17, 2013); *Harmon v. Rust*, 420 S.W. 2d 563, 564 (Ky. 1967); *Blankenship v. Collier*, 302 S.W. 3d 665, 667 (Ky. 2010); *see also Andrew v. Bagley*, 203 S.W. 3d 165, 170 (Ky. App. 2006). "Except in limited factual circumstances, . . . the plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Bagley,* 203 S.W. 3d at 170.

There are two exceptions to this rule. First, expert testimony on causation is not required when a layperson can "conclude from common experience" that the injury in question does not occur when the proper procedures are followed ("res ipsa loquitur"). *Perkins v. Hausladen*, 828 S.W.2d 652, 655 (Ky. 1992). Second, expert testimony is not required if the defendant physician makes admissions "of a technical character" that show he did not meet the standard of care. *See id*. (internal quotation marks omitted). Absent these limited exceptions, however, "the causal connection between an accident and an injury must be shown by medical testimony and the testimony must be that the causation is probable and not merely possible." *Lacefield v. L.G.*

3

*Elecs., Inc.*, 2008 WL 544472 (E.D. Ky. 2008) (quoting *Jarboe v. Harting*, 397 S.W. 2d 775, 778 (Ky. 1965)).

The Defendants argue, and the Plaintiff does not contest, that neither of the two exceptions apply. The Court agrees, and finds both exceptions inapplicable in this case as the Defendant has neither admitted liability or causation, nor can the alleged liability or causation be inferred solely from common knowledge or experience.

The Defendants next argue that the Plaintiff has not provided expert testimony stating that the Defendants' alleged failures were a substantial factor in causing any injury to or the death of Mr. Cole. The Plaintiff provided testimony from two experts: 1) Nursing Home Administrator, Lance Youles and 2) family physician Dr. Stephen B. Burkhart. The Court will address the testimony of each in turn.

First, Mr. Youles testified that he was not a physician and that he was unable to render medical opinions. (Docket No. 18-4, at p. 28-29). He further stated that he rendered "no causation opinions" or medical opinions. *Id.* Nursing home administrators are not physicians and are not qualified to give expert opinions regarding medical negligence and causation. *See Rogers v. Integrity Healthcare Servs.*, 358 S.W. 3d 507, 512 (Ky. Ct. App. 2012) (finding that a nurse could not provide medical causation opinions and noting that other courts have recognized as a matter of law that nurses are not qualified to give expert testimony regarding medical causation in medical negligence cases); *Elswick v. Nichols*, 144 F. Supp. 2d 758, 766–67 (E.D. Ky. 2001). Here, Youles did not provide testimony on the issue of causation. Even if he had, it would not be sufficient, as he is a nursing home administrator.

Second, the Plaintiff's expert Dr. Burkhart testified that "he didn't think CCHRC's treatment of Mr. Cole had fallen below the reasonable standard of care." (Docket No. 19). The

Plaintiff explains this by stating that "the plaintiff believes Dr. Burkhart was simply trying to defend the home town nursing home. In fact, Dr. Burkhart had at one time owned this same nursing home."  (Docket No. 19).   The Plaintiff points to, as evidence of causation, Dr. Burkhart's labeling the cause of death as sepsis and or MRSA.  The Plaintiff argues that "Mr. Cole contracted Sepsis and/or MRSA at CCHRC and that is what caused his death."  (Docket No. 19).  However, as the Defendants respond, the Plaintiff presented no expert testimony to link the contraction of sepsis and/or MRSA to any acts of omissions of the Defendants.  Because the Plaintiff has not presented any evidence of causation, the motion will be granted.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, (Docket No. 18), is **GRANTED**.